UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Martha J. Lamothe

    v.                              Civil No. 06-cv-407-JD

Beede Electrical Instrument Co.
Group Insurance Benefits Plan, et al.


O R D E R

    Martha J. Lamothe brings an action under 29 U.S.C. § 1132(a)(1)(B) ("ERISA"), seeking supplemental life insurance benefits following the death of her husband.  Lamothe moves to modify the administrative record to add employee bulletins issued by Beede Electrical Instrument Co. on September 19, 2002, and September 25, 2003, and a copy of Fort Dearborn Life Insurance Company's Benefits Booklet.  Lamothe represents that all parties assent to adding the Benefits Booklet to the record but that Fort Dearborn objects to adding the employee bulletins.  Fort Dearborn has filed an objection.

    Fort Dearborn asserts in its objection that the Beede plan grants it discretionary authority to make benefits determinations.  Based on that authority, Fort Dearborn asserts that its decision in Lamothe's case is entitled to deferential review under the arbitrary and capricious standard.  See, e.g., Bard v. Boston Shipping Ass'n, 471 F.3d 229, 235 (1st Cir. 2006).

When a plan administrator's decision is entitled to deferential review, "there is a strong presumption that . . . review of . . . [that] decision should be limited to the evidentiary record presented to the administrator." Lopes v. Met. Life Ins. Co., 332 F.3d 1, 5 (1st Cir. 2003).

Fort Dearborn states that the employee bulletins Lamothe seeks to add to the record were not provided during the administrative proceeding. Lamothe does not contend otherwise. The only reason Lamothe gives to support her motion to add the bulletins to the administrative record is that "they demonstrate the defendants' methods of communicating and providing notice to Beede employees of dates and procedures for enrollment in the Plan." Motion ¶ 5. She does not explain why that is relevant in this case nor provide "some very good reason . . . to overcome the strong presumption that the record on review is limited to the record before the administrator." Liston v. Unum Corp. Officer Severance Plan, 330 F.3d 19, 23 (1st Cir. 2003). Therefore, the motion to add the employee bulletins is denied.

<u>Conclusion</u>

For the foregoing reasons, the plaintiff's partially assented-to motion to modify the administrative record (document no. 18) is denied to the extent it seeks to add employee bulletins to the record and is otherwise granted.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

March 27, 2006

cc: Mary Ann Dempsey, Esquire
    David P. Eby, Esquire
    Samantha Dowd Elliott, Esquire
    Deborah S. Freeman, Esquire
    Gordon A. Rehnborg, Jr., Esquire